```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/14/24
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA,

                Plaintiff,

    - against -

DAVIT YEGHOYAN,

                Defendant.

---

**20 Cr. 652 (VM)**

**ORDER**

**VICTOR MARRERO, United States District Judge.**

On January 31, 2024, defendant Davit Yeghoyan ("Yeghoyan") submitted a motion for compassionate release under 18 U.S.C. § 3582. (See Dkt. No. 354 [hereinafter the "Motion" or "Mot."].[1]) The Government filed a response in opposition to the Motion on February 9, 2024. (See Dkt. No. 356 [hereinafter "Opp."].) Yeghoyan filed a reply letter in further support of the Motion on February 12, 2024. (See Dkt. No. 358.)

After a careful review of the submissions, the Court concludes that further briefing is needed to clarify issues presented by the Motion. The Court accordingly **ORDERS** the parties to each file a supplemental memorandum, not to exceed

---

[1] Redacted versions of the relevant papers were filed by the parties on the Court's public docket, and unredacted versions were filed under seal due to Yeghoyan's interest in keeping confidential certain personal medical information. Citations in this Order point the reader to filings available to the public, but the citations actually refer to the corresponding sealed and unredacted versions of the filings.

1

five (5) single-spaced pages in letter-brief form, no later than seven (7) days from the date of this Order. The supplemental memoranda shall focus on the following issues:

- **Yeghoyan's immigration status**. It remains unclear to the Court whether Yeghoyan is subject to a final order of removal or merely to an immigration detainer. The Government states that he is subject to a "final order of removal to Armenia" but does not provide evidence of any such order. Opp. at 6. The distinction could be significant for more than one reason, including the issue of whether Yeghoyan is eligible to apply time credits earned under the First Step Act of 2018 toward early release. See United States v. Piña, No. 01 Cr. 619, 2023 WL 8759830, at *2, *7 n.10 (S.D.N.Y. Dec. 19, 2023) (citing cases where prisoners subject to detainers but not final orders of removal were able to apply time credits).

- **The applicable legal standard**. In United States v. Feliz, No. 16 Cr. 809, 2023 WL 8275897 (S.D.N.Y. Nov. 30, 2023), this Court held that United States v. Brooker, 976 F.3d 228, 233 (2d Cir. 2020) no longer applies to compassionate release motions in light of recent amendments to Section 1B1.13 of the U.S. Sentencing Guidelines Manual, which now binds the Court and sets forth a very specific standard governing whether medical issues qualify as extraordinary and compelling reasons warranting compassionate release. See Feliz, 2023 WL 8275897, at *2-4; see also United States v. Webb, No. 12 Cr.

2

111, 2023 WL 9022874, at *1 n.1 (S.D.N.Y. Dec. 29, 2023). The parties shall state whether the standard set forth in Feliz is applicable here. If it is, the parties may wish to adjust their arguments accordingly. If any party does not believe Feliz is correct or does not believe it should apply here, that party shall provide grounds supporting such belief.

- **Factual disputes**. The supplemental memoranda shall identify any remaining factual disputes material to (and any further factual development necessary for) resolution of the Motion. Such issues may include, among other things, (1) whether and when Defendant's weight loss occurred, and whether and when it stabilized; (2) whether and to what extent the credibility of Dr. Jack Braha is called into question, and whether an independent medical assessment of Yeghoyan is feasible and/or necessary; and (3) whether and to what extent the Bureau of Prisons ("BOP") can affirm that it is capable of meeting an adequate standard of care such that Yeghoyan's medical issues are managed properly by the BOP. The parties may attach to their supplemental memoranda evidence further developing these and any other factual issues; such evidence will not count toward the five-page limit.

Further, the Court hereby **ORDERS** defense counsel to, in addition to filing a supplemental memorandum, file an amended opening memorandum no later than seven (7) days from the date of this Order. Defense counsel attached hundreds of pages of

3

medical records to Yeghoyan's opening memorandum in support of the Motion (see Mot. Exs. B and D), but the opening memorandum is lacking in citations to specific pages in the records. Defense counsel's amended opening memorandum shall support all factual contentions with citations to specific pages in the record. Cf. Singh v. Township of Weehawken, No. 15 Civ. 3478, 2019 WL 13098595, at *1 (D.N.J. Feb. 7, 2019) ("It is not the obligation of the Court . . . to parse which of [a party's] factual contentions are actually supported by the evidence in the record.").[2]

**SO ORDERED.**

Dated:   14 February 2024
         New York, New York

```
                                    Victor Marrero
                                    U.S.D.J.
```

---

[2] No substantive changes to the opening memorandum shall be permitted. The amendments shall be limited to adding citations supporting the factual contentions already advanced. Any further substantive submissions, clarifications, and the like shall be included only in the parties' supplemental memoranda.