```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #:_____           │
│ DATE FILED:  6/11/24             │
└─────────────────────────────────┘
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA

         - against -

DAVIT YEGHOYAN,

              Defendant.

---

**20 Cr. 652 (VM)**

**DECISION AND ORDER**

**VICTOR MARRERO, United States District Judge.**

On January 31, 2024, defendant Davit Yeghoyan ("Yeghoyan") moved for a reduction in his term of imprisonment under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A). Yeghoyan's main argument in support of the motion was that he should be released from prison because of a serious health condition. Given that Yeghoyan's motion papers contained personal information about his health and were filed along with voluminous medical records, the Court granted Yeghoyan's unopposed request to file the unredacted motion papers under seal, with redacted versions filed on the Court's public docket. (See Dkt. No. 385 at 1 n.1.)

In a Decision and Order (see id. [hereinafter the "D&O"]) dated March 29, 2024, the Court denied Yeghoyan's motion. Out of an abundance of caution, the Court directed the Clerk of Court to temporarily seal the D&O so that the parties would have a chance to propose redactions and to support such

proposals with legal authority, if any, requiring that redactions be made. (See id. at 26-27.)

The parties then jointly proposed extensive redactions to the D&O that would conceal all details about Yeghoyan's medical circumstances and treatment such that a reader would be able to infer only that Yeghoyan suffered from an unspecified health issue. The parties conceded that they were not aware of any legal authority that *requires* the Court to redact the D&O, but Yeghoyan's counsel urged the Court to nevertheless "exercise its discretion" to accept the redactions as proposed.

The Court therefore must now decide whether redactions are warranted. The Court finds that they are not. Key to this finding is the Court's conclusion that it lacks the discretion that defense counsel urges it to exercise. Indeed, in view of the public's legitimate interest in monitoring Article III courts and the longstanding values of openness and self-governance upon which that interest is grounded, the Court is obligated to reject the proposed redactions. The Court is mindful that Yeghoyan has a privacy interest in sealing his medical records, but that interest does not outweigh the public's interest under the law in access to court decisions. Absent extraordinary circumstances, federal courts should not exercise power behind closed doors or in secret. Accordingly,

for these reasons and the reasons below, the Court denies the request to redact the D&O and directs that it be unsealed.

## I.   LEGAL STANDARDS

The public enjoys the right to access judicial documents under both the common law and the First Amendment. See Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119–20 (2d Cir. 2006); United States v. Avenatti, 550 F. Supp. 3d 36, 44–45 (S.D.N.Y. 2021). "The presumption of access is based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." Lugosch, 435 F.3d at 119 (quoting United States v. Amodeo ("Amodeo II"), 71 F.3d 1044, 1048 (2d Cir. 1995)) (explaining rationale for common law right).

### A.   COMMON LAW RIGHT OF ACCESS

The Second Circuit has established a three-part framework for determining whether judicial documents may be sealed or redacted despite "the common law presumption in favor of public access." Avenatti, 550 F. Supp. 3d at 45; see Homeward Residential, Inc. v. Sand Canyon Corp., 499 F. Supp. 3d 18, 31–32 (S.D.N.Y. 2020). First, for the common law right to attach, the Court must "conclude that the documents at issue are indeed 'judicial documents.'" Lugosch, 435 F.3d at 119. "In order to be designated a judicial document, 'the

item filed must be relevant to the performance of the judicial function and useful in the judicial process.'" Id. (quoting United States v. Amodeo ("Amodeo I"), 44 F.3d 141, 145 (2d Cir. 1995)).

Second, if the "documents are judicial documents" such that "a common law presumption of access attaches," the Court "must determine the weight of that presumption." Id. The weight of the common law presumption is strongest for "matters that directly affect an adjudication." Avenatti, 550 F. Supp. 3d at 45 (quoting United States v. Correia, No. 19 Cr. 725, 2020 WL 6683097, at *1 (S.D.N.Y. Nov. 12, 2020)).

The final step in the three-part framework requires the Court to balance the weight of the presumption of access against "competing considerations" such as "the privacy interests of those resisting disclosure." Lugosch, 435 F.3d at 120 (quoting Amodeo II, 71 F.3d at 1050). However, "the mere fact that information is sealed or redacted by agreement of the parties is not a valid basis to overcome the presumption." Homeward Residential, 499 F. Supp. 3d at 31. "That is, a party must demonstrate reasons to justify sealing or redaction separate and apart from a private agreement to keep information confidential." Id.

B.   <u>FIRST AMENDMENT RIGHT OF ACCESS</u>

Apart from the common law, the First Amendment also bestows upon the public a qualified right to access certain judicial documents. <u>See</u> <u>Lugosch</u>, 435 F.3d at 120. If a First Amendment "presumption of access" exists, the presumption "gives rise to a higher burden on the party seeking to prevent disclosure than does the common law presumption." <u>Id.</u> at 124, 126. That presumption can be overcome "only by specific, on-the-record findings that higher values necessitate a narrowly tailored sealing." <u>Id.</u> at 126. "[T]he Second Circuit has consistently affirmed that the [First Amendment] right of access applies to 'judicial documents' in criminal cases." <u>United States v. Smith</u>, 985 F. Supp. 2d 506, 517 (S.D.N.Y. 2013) (collecting cases).

## II.   <u>**DISCUSSION**</u>

The above principles compel the Court to reject the parties' request to keep the unredacted D&O under seal. Applying the three-step common law framework discussed above, the Court first finds it axiomatic that decisions of the Court are quintessential "judicial documents." <u>Lugosch</u>, 435 F.3d at 119. Thus, the common law presumption of public access attaches to the D&O.

Second, the Court assigns the highest possible weight to that presumption, as the D&O not only "directly affect[ed]" the "adjudication" of Yeghoyan's compassionate release motion; the D&O *was* the "adjudication" of the motion. Avenatti, 550 F. Supp. 3d at 45 (quoting Correia, 2020 WL 6683097, at *1); see Moroughan v. County of Suffolk, No. 12 Civ. 512, 2021 WL 280053, at *2 (E.D.N.Y. Jan. 24, 2021) (stating that judicial opinion was "a judicial document to which the strongest presumption of public access attaches"). Additionally, Yeghoyan's compassionate release motion implicated a legal standard that went into effect recently, in November 2023, as a result of amendments to the U.S. Sentencing Guidelines. See D&O at 10-12; see generally United States v. Feliz, No. 16 Cr. 809, 2023 WL 8275897, at *2-4 (S.D.N.Y. Nov. 30, 2023) (discussing the effect of the amendments). The public has an important interest in observing how federal courts interpret the amendments and apply the new legal standard.

Third, although Yeghoyan has a significant "privacy interest[]" in "resisting disclosure" of his personal medical information, Lugosch, 435 F.3d at 120 (quoting Amodeo II, 71 F.3d at 1050), the Court finds that his privacy interest does not overcome the strong presumption in favor of public access to the D&O. See, e.g., id. at 121 (stating that an

"adjudication is a formal act of government, the basis of which should, absent exceptional circumstances, be subject to public scrutiny" (quoting <u>Joy v. North</u>, 692 F.2d 880, 893 (2d Cir. 1982))); <u>Encyc. Brown Prods., Ltd. v. HBO, Inc.</u>, 26 F. Supp. 2d 606, 612 (S.D.N.Y. 1998) ("The Court's decisions are adjudications — direct exercises of judicial power the reasoning and substantive effect of which the public has an important interest in scrutinizing.").

The Court is not persuaded otherwise by the cases cited by the parties. <u>See</u> <u>Robinson v. De Niro</u>, No. 19 Civ. 9156, 2023 WL 3728350, at *4 (S.D.N.Y. May 26, 2023); <u>Deide v. Day</u>, No. 23 Civ. 3954, 2023 WL 8602879, at *2 (S.D.N.Y. Dec. 11, 2023); <u>United States v. Arena</u>, No. 18 Cr. 14, 2020 WL 5439979, at *1 n.1 (S.D.N.Y. Sept. 9, 2020). In all three of these cases, courts agreed to seal medical records submitted by *parties* in *support of* motions. The Court did the same thing in this case. Yeghoyan's medical records, submitted in support of his compassionate release motion, remain under seal. But nothing in the cited cases supports the proposition that the Court should make redactions to *its own* D&O *adjudicating* Yeghoyan's motion.[1]

---

[1] The same logic applies with respect to the parties' citation to this District's Electronic Case Filing Rules & Instructions, which allow (but do not require, <u>cf.</u> Fed. R. Crim. P. 49.1(a) (requiring redactions with respect to social security numbers, taxpayer identification numbers, birth dates, the names of minors, financial account numbers, and home

In fact, the De Niro court declined to redact medical information where the information was submitted in support of a motion for summary judgment. See 2023 WL 3728350, at *3 (stating that information concerning a "Viagara prescription" would not be redacted because it was "submitted in support of [a] motion for summary judgment" and concerned "a key fact in Plaintiff's . . . claim"); see also United States v. King, No. 10 Cr. 122, 2012 WL 2196674, at *2 (S.D.N.Y. June 15, 2012) (declining to seal defendant's medical records where defendant "failed to show that there is a sufficiently compelling interest in sealing these records" and where the records "relate[d] to medical conditions that the Court has been asked to consider in arriving at the sentence in this case"); United States v. Dare, 568 F. Supp. 2d 242, 244 (N.D.N.Y. 2008) (granting newspaper's request to unseal defendant's medical records where defendant had "chosen to introduce the medical information in an attempt to mitigate his sentence").

Further, accepting the parties' proposed redactions to the D&O would be out of keeping with legal authority that Yeghoyan himself cited in support of his motion for compassionate release. Yeghoyan relied heavily on cases

---

addresses)) parties to redact documents containing medical records, treatment, or diagnosis and to file unredacted versions under seal.

involving compassionate release motions filed by defendants suffering from the same health condition that affects Yeghoyan. See United States v. Reaves, 668 F. Supp. 3d 360 (E.D. Pa. 2023); United States v. Fernandez, No. 10 Cr. 905 (S.D.N.Y. Aug. 27, 2020), ECF No. 2332; United States v. Reid, No. 2:19 Cr. 20637, 2023 WL 4918264 (E.D. Mich. Aug. 1, 2023). Reaves and Reid discussed the defendants' medical circumstances in detail. See Reaves, 668 F. Supp. 3d at 364–65; Reid, 2023 WL 4918264, at *1–2. None of these judicial opinions was filed under seal. And presumably, if they had been filed under seal or redacted to the extent requested here by the parties, Yeghoyan would not have been able to cite them. See United States v. Hughes, No. 19 Cr. 687, 2022 WL 3700907, at *4 (E.D. Mo. Aug. 26, 2022) ("[S]omewhere under seal case law may exist supporting [the defendant's] position. But that fact merely highlights the dilemma presented by shrouding court decisions in secrecy.").

The Court therefore concludes that Yeghoyan's interest in redacting the D&O does not outweigh the heavy common law presumption in favor of public access.[2] The parties' request to redact the D&O is accordingly **DENIED**.

_____

[2] In light of this conclusion, the Court need not determine whether public access would also be mandated under the broader constitutional standard. On this front, the Court finds it sufficient to note that the First Amendment likely protects public access to the D&O, given the many cases in which courts have found a constitutional right to access similar types

### III. <u>ORDER</u>

For the foregoing reasons, it is hereby

**ORDERED** that the Clerk of Court is respectfully directed to lift the viewing restrictions previously placed on the Decision and Order filed in this matter at Docket No. 385.

**SO ORDERED.**

Dated:     11 June 2024
           New York, New York

_____
                         Victor Marrero
                           U.S.D.J.

---

of documents filed in criminal cases. <u>See</u> <u>Smith</u>, 985 F. Supp. 2d at 517 (collecting cases).